IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jordan M. Tonkin,<br><br>        Plaintiff,<br><br>vs.<br><br>Shadow Management, Inc., d/b/a Platinum Plus,<br><br>        Defendant. | C/A No. 3:12-cv-00198-JFA<br><br><br><br>**Order** |

      In this employment discrimination case, Jordan M. Tonkin ("Plaintiff") has sued her former employer, Shadow Management, Inc., d/b/a Platinum Plus ("Defendant"), asserting claims of pregnancy discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA").

      In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1]  Before the Magistrate Judge, Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, ECF No. 37, which is the motion currently before this court.

      On January 10, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this court deny Defendant's motion for summary judgment as to the pregnancy discrimination claim and grant Defendant's motion as to the retaliation claim. ECF No. 45.  Plaintiff filed an objection, arguing that the Report incorrectly

---

[1] The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).

concludes that her retaliation claim failed as a matter of law. ECF No. 47. Defendant replied in opposition. ECF No. 48. Thus, this matter is ripe for the court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a recitation.

**I.     Analysis**

In the Report, the Magistrate Judge suggests that Plaintiff has failed to make out a prima facie case of retaliation. The Report finds that Plaintiff presented evidence that her employer considered her ineligible for re-hire because she filed this lawsuit, but that Plaintiff presented no evidence that she actually ever sought re-employment with Defendant, thereby failing the second element of a retaliation claim. *See Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) (requiring a plaintiff in a retaliation case to show that "(1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action"). As a result, the Report concludes that Plaintiff did not present evidence of adverse action following a protected activity.

In her objection, Plaintiff submits first that she was terminated after she made known her Title VII claim. Second, Plaintiff argues that she was under no obligation to seek re-employment because she already had the right to return after the birth of her child under Title VII.

As properly stated in the Report, a jury question exists as to the disputed telephone conversation in September 2010 between Plaintiff and Defendant, precluding summary judgment on Plaintiff's pregnancy discrimination claim. As stated in the Report, if a jury were to believe

Plaintiff's version of the telephone call, it reasonably could conclude that Plaintiff's pregnancy was a motivating factor for Defendant's decision to place her on maternity leave. Although Defendant's version of events dramatically differs from Plaintiff's, the Report properly states that credibility determinations are the province of a jury. Thus, summary judgment is not proper.

This court reaches a different conclusion on the retaliation claim based on a slightly different view of the record. The court finds that both the letter sent to Defendant by Plaintiff's attorney (seeking to resolve the matter and threatening litigation) and Plaintiff's subsequent filing of the lawsuit were protected activities for purposes of a retaliation claim. However, viewing the evidence in a light most favorable to Plaintiff, the court finds that there is a genuine dispute as to when exactly Defendant took adverse action against Plaintiff, which presents a material fact as to the underlying claim. Therefore, this court finds that summary judgment is improper for the retaliation claim.

## II.     Conclusion

Accordingly, the court adopts the Report as modified and hereby denies Defendant's motion for summary judgment. This case will be calendared for trial during the two-month term of court beginning on May 8, 2014.

IT IS SO ORDERED.

March 28, 2014                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge